Filed 3/13/26  P. v. Dismuke CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MELVIN DISMUKE,<br><br>Defendant and Appellant. | F087359<br><br>(Super. Ct. No. 1006268)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County. Carrie M. Stephens, Judge.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

This appeal involves the interplay between Proposition 36, the Three Strikes Reform Act of 2012 (the Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)), and Penal Code[1] section 1172.75, which invalidated prior prison term enhancements.

Defendant Melvin Dismuke was originally sentenced in 2003. His sentence included three terms of 25 years to life under the original "Three Strikes" law, as well as a prior prison term enhancement under section 667.5, subdivision (b). In 2023, the trial court resentenced Dismuke under section 1172.75 by striking the enhancement, but it left intact the three strikes terms.

Dismuke appealed, contending that his three indeterminate life terms were unauthorized under the Reform Act, and therefore the trial court erred by failing to reduce his sentence further. The People agreed with Dismuke. However, we affirmed the judgment on March 27, 2025, in an unpublished decision.

Dismuke petitioned the California Supreme Court for review. The Supreme Court granted and deferred the matter pending consideration of a related issue in *People v. Superior Court (Guevara)*, S283305, or pending further order of the court.

On October 9, 2025, our Supreme Court issued *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*). On December 17, 2025, our Supreme Court transferred the matter to this court, with directions to vacate our decision and reconsider the cause in light of *Guevara*. We vacated our opinion on December 19, 2025, and the parties filed supplemental briefing. We agree with Dismuke that *Guevara* requires us to remand for a new resentencing hearing.

---

[1] Undesignated statutory references are to the Penal Code.

2.

# BACKGROUND

## I.     The underlying convictions

A jury found Dismuke guilty of transporting cocaine (Health & Saf. Code, § 11352, subd. (a); count 1), possession of a firearm by a felon (§ 12021; count 2), felony evading a peace officer (§ Veh. Code, § 2800.2; count 3); and misdemeanor hit and run (Veh. Code, § 20002, subd. (a); count 4). The trial court separately found that Dismuke had suffered two prior convictions within the meaning of the Three Strikes law (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)) and had served a prior prison term (667.5, subdivision (b)).

In 2003, the trial court sentenced Dismuke, on count 1, to 25 years to life and, on counts 2 and 3, to concurrent terms of 25 years to life. The court imposed a concurrent six-month term on count 4 and also imposed a one-year term under section 667.5, subdivision (b).

## II.     Statutory background

### A.  Three Strikes and The Reform Act

"Under the original Three Strikes law, a defendant with two or more prior serious or violent felony convictions would be sentenced to a life term for a current felony conviction even if the current conviction was not for a serious or violent felony. (Former §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(C).) Voters enacted the Reform Act, as Proposition 36, in 2012. Under the Reform Act, a defendant with two or more prior convictions for serious or violent felonies, whose current conviction was for a nonserious or nonviolent felony, would no longer receive a life sentence. Instead, the term for the current offense would be doubled. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)" (*People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, 983.)

"The Reform Act also provides that any person currently serving a life term pursuant to the Three Strikes law for conviction of a felony that is not serious or violent may petition for resentencing. (§ 1170.126, subd. (b).) The petition must be filed within

3.

two years of the effective date of section 1170.126, November 7, 2012, or on a later date upon a showing of good cause." (*People v. Superior Court* (*Guevara*)*, supra,* 97 Cal.App.5th at p. 984.) If the petitioner satisfies the criteria for resentencing, the petitioner shall be resentenced as a second striker 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Ibid.*, fn. omitted.) In exercising its discretion, a trial court may consider the petitioner's criminal conviction history, disciplinary record and record of rehabilitation while incarcerated, and any other evidence the trial court deems relevant to the issue. (§ 1170.126, subd. (g).)

"The Reform Act allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership." (*People v. Superior Court* (*Guevara*)*, supra,* 97 Cal.App.5th at p. 985.)

**B. Section 1172.75**

In 2021, the California Legislature passed Senate Bill No. 483, which added section 1172.75 (Stats. 2021, ch. 728, § 3.) Section 1172.75 declared legally invalid one-year sentencing enhancements for a prior prison term, unless the prior prison term was for a sexually violent offense. (*Id.*, at subd. (a).) If a judgment includes a qualifying enhancement, the trial court must recall the sentence and resentence the defendant. (*Id.,* at subd. (c).) Further, the resentencing court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.,* at subd. (d)(2).)

Resentencing under section 1172.75 "shall result in a lesser sentence than the one originally imposed … unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Moreover, the court may take into consideration postconviction factors, and "[u]nless the court originally imposed the upper term, the court may not impose a

sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subds. (d)(3), (d)(4).)

### III. Postjudgment proceedings under section 1172.75

In 2023, the trial court determined that Dismuke might be entitled to resentencing under section 1172.75 and set a hearing for appointment of counsel. Dismuke submitted briefing in which he asked the trial court to strike his one-year prior and to resentence him under the Reform Act because section 1172.75, subdivision (d)(2), expressly requires the court to "apply any other changes in law that reduce sentences[.]" On that latter point, Dismuke urged the court to exercise its discretion under section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike at least one of his prior strikes at his resentencing hearing.

In support of his request for the court to strike at least one strike, Dismuke offered as "mitigating circumstances" his difficult childhood and his good behavior in prison. He submitted as evidence his probation report from 2002 (chronicling his childhood), education progress records from prison, prison programming records,[2] a letter of support from his sister, and two photographic portraits of himself.

The People agreed the court should strike the one-year enhancement but otherwise argued that the sentence should remain the same as that originally imposed. The People submitted evidence of the 37 rules violations he had committed and the 29 negative counselings Dismuke had received during his current prison term. The People also submitted the transcript of Dismuke's June 2, 2021, parole suitability hearing. Dismuke

---

[2] These records showed the jobs he held in prison, as well as the educational, self-help, and other types of programs in which he participated.

did not attend that hearing, but instead had his attorney attend to stipulate on his behalf to a finding of unsuitability for three years so he could develop a period free of disciplinary action, obtain vocational training, "put together a feasible parole plan," and participate in self-help programs.

At the December 8, 2023, hearing, Dismuke expanded his argument by contending that a violation of Health and Safety Code section 11352, subdivision (a), is no longer a serious felony under the Reform Act and thus could not serve as the basis for a third-strike sentence. The court continued the matter to December 14, 2023, to allow the parties to submit supplemental briefing on the issue.

The People's supplemental brief argued that Dismuke had not timely petitioned for relief from his indeterminate life sentence under section 1170.126 of the Reform Act and, in any event, would be ineligible for resentencing under that section as he still posed an unreasonable risk of danger to the public. (See § 1170.126, subd. (b), (f).) They also relied on the then-recent decision in *People v. Superior Court* (*Guevara*)*, supra,* 97 Cal.App.5th 978, to argue that the resentencing provisions of section 1170.126 provide the exclusive mechanism for reducing a third strike sentence; section 1172.75 could not be used to "circumvent" section 1170.126's requirements.

Dismuke in his letter brief contended he was entitled to a full resentencing under the Reform Act, and since all of his felonies in counts 1 through 3 are no longer serious or violent felonies under the revised Three Strikes law, he could not be resentenced as a third striker. He asserted *Guevara* was wrongly decided. He argued that since he was proceeding under section 1172.75 and not under the resentencing provisions of the Reform Act, subdivision (f) of section 1170.126 did not apply—meaning that the trial court could not refuse to resentence him as a second striker if it found that doing so would pose an unreasonable risk of danger to public safety. He thus did not address whether he posed such a risk.

6.

At the December 14, 2023, hearing, the trial court followed *Guevara* and held that a full resentencing under section 1172.75 does not also permit the trial court to consider resentencing under the Reform Act. The court also noted that Dismuke had not petitioned for resentencing under section 1170.126, but even if he had, it would find he posed an unreasonable risk of danger to the public. Accordingly, the court recalled Dismuke's sentence, struck the one-year enhancement, and sentenced him to 25 years to life on count 1, concurrent terms of 25 years to life on counts 2 and 3, and a concurrent term of six months on count 4.

After the court pronounced sentence, Dismuke asked to speak to the court. He said he was not trying to change the court's mind on sentencing. He spoke at length about his life, including his childhood and time in prison. He described growing up in foster care, being abandoned by his mother, dropping out of high school, and having to fend for himself beginning at a young age. He emphasized that he never committed a violent crime and was not a violent person. He also described his poor health and having a defibrillator implanted in his chest, as well as having been stabbed multiple times in prison.

## DISCUSSION

Dismuke initially argued on appeal that the trial court erred in sentencing him to 25 years to life because the court was required to sentence him under the current penalty provisions set forth in the Reform Act. In his supplemental opening brief after transfer from the Supreme Court, he argues the case should be remanded to the trial court for another resentencing hearing under *Guevara*.

In *Guevara*, the Supreme Court resolved a split in the Courts of Appeal as to whether the Reform Act is the "sole avenue for defendants sentenced to an indeterminate term of imprisonment under the original Three Strikes law to seek resentencing relief," concluding it is not. (*Guevara, supra,* 18 Cal.5th at p. 858.) The *Guevara* court held that, "as a matter of constitutional avoidance, section 1172.75 incorporates

7.

section 1170.126's discretionary public safety override as a condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act." (*Id.* at p. 850.) Our Supreme Court remanded to the Court of Appeal with instructions to remand the case to the superior court to determine whether sentencing defendant under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety.' " (*Id.* at p. 878.) If it so determined, the superior court was to reimpose the indeterminate term. (*Ibid.*) "If the superior court does not determine that resentencing [defendant] would 'pose an unreasonable risk of danger to public safety,' and [defendant] is otherwise eligible under the Reform Act, the court shall resentence [defendant] pursuant to the revised penalty provisions of the Reform Act." (*Ibid.*)

The People argue in their supplemental brief after transfer from the Supreme Court that remand for resentencing is unnecessary because the trial court stated that even if Dismuke had petitioned under section 1170.126, it would find he posed an unreasonable risk of danger to the public. Remand is thus futile, in their view.

Dismuke disagrees in his respondent's brief to the People's supplemental brief. He quotes the relevant portion of the trial court's statement during the section 1172.75 resentencing hearing: "*Were* this Court to make the determination today, based upon [Dismuke's] criminal history; disciplinary record and all of the factors that *have been made available to me*, the court would find petitioner would pose an unreasonable risk of danger to the public if released." (Italics added by Dismuke.) He argues that since his interpretation of the relevant statutes during the lower court proceedings was that the trial court had no discretion but to sentence him as a second striker, his defense counsel "did not fully present all evidence favorable to [him]" regarding his risk of danger to public safety.

While Dismuke makes no offer of proof as to how he would further develop the record as to his public safety risk, we believe fairness dictates that he be given the chance

to do so at a new sentencing hearing. At his first section 1172.75 resentencing hearing, his counsel offered no argument as to his public safety risk. This is unsurprising given the defense's understanding that Dismuke was entitled to resentencing as a second striker no matter his public safety risk. The only evidence offered by the defense relevant to public safety risk was offered by Dismuke himself *after* the court had already imposed sentence. The interests of justice would be served by giving Dismuke another chance to argue to the trial court that he is not a public safety risk.

## DISPOSITION

The judgment is reversed and the matter is remanded for resentencing consistent with this opinion and the holding in *Guevara, supra,* 18 Cal.5th 838.

9.